## WIGHT *versus* PHILLIPS.

The contractors with a town to make and open a county road, which is obliga-
tory upon the town to build, are not restricted in reference to suitable means
in which to effect their object, provided opportunity is given to the owner
of land over which it passes to take from the land such things as he has a
legal right to do.

And one invited by such contractors to pass over the road while in process of
construction, to test its sufficiency, is not liable to an action of trespass by
the owner of the soil.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

TRESPASS *quare clausum*.

The County Commissioners had laid out a road across the
plaintiff's field, and the town of Brewer, where he dwelt,
were obliged to open the same. The plaintiff's damages were
allowed and paid. All the proceedings were in accordance
with the statute provisions.

The town of Brewer authorized their road commissioners
to contract with some persons to build the road, and they
made such a contract with Barker and others to complete it on
or before Sept. 1, 1851.

The contractors, on Aug. 12, 1851, invited the defendant
to pass over the road to try it, and in passing over it, he re-

moved a fence, in order to go by, which the plaintiff had erected across it.    For that removal, the plaintiff brings this action of trespass.

Upon these facts, it was stipulated, that the Court should enter judgment by nonsuit or default as the law requires.

*A. Sanborn*, for plaintiff.

The question in this case, is, was the place of the alleged trespass, a legal highway made and opened for public travel?

The mere act of the Commissioners in locating a highway does not transform the land laid out *for* a highway, *into* a highway.    It only imposes upon the town through which it passes the obligation, clothing it with the right to make and open it.    *Loker* v. *Damon;* 17 Pick. 287.

It cannot become a public highway until made and opened for public travel.    Until that is done, the public right to use it as a way of travel does not exist.

Before the road was thus made, the defendant went over it and tore down the plaintiff's fence, and was guilty of a trespass.

The invitation to defendant, by the contractors to build the road, to ride over and try it, cannot change the rights of the parties.    They had no power to open the road for public travel.    They were authorized simply to go on to the premises appropriated for the highway, and make it.

*Peters*, for defendant.

The road builders were rightfully there, and they desired the defendant to pass over the road, to have his opinion whether it was suitably made.    If the contractors had a right to go over the road, they had a right to carry others over.

The case cited by plaintiff's counsel from 17 Pick., when examined, will be found to support the defence.

TENNEY, J. — The inhabitants of the town of Brewer were bound to construct the road for travel, in one year from the session of the Court of County Commissioners, which commenced on the first Tuesday of August, A. D. 1850. They were not restricted in reference to suitable means, in

which to effect their object, provided full opportunity was given to the plaintiff to take from the land such things as he was legally entitled to do, within the same time. R. S., c. 25, § 20. The persons, who contracted to build the road, had the same rights, enjoyed by the town, and were subjected to similar duties, so far as they were interested in the work to be done. They were entitled to every reasonable opportunity to perform their work, till they had entirely completed it, by themselves, or those whom they chose to employ for that purpose. They could rightfully go over the road with such teams and carriages, with appropriate loads, as usually pass upon public roads, in order to test its sufficiency ; and consequently could invite others to do the same, without causing any liability to the latter.

The defendant passed over the road by authority of the contractors.                    *Plaintiff nonsuit.*

SHEPLEY, C. J., and RICE, HATHAWAY and APPLETON, J. J., concurred.